# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Carroll L. Ernst, )<br>    )<br>    Plaintiff, )<br>    )<br>v.   ) | No. 3:09-CV-264-DRH-DGW |
| )<br>Midland Credit Management, Inc., a )<br>Kansas corporation, )<br>    )<br>    Defendant. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Carroll L. Ernst, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3.      Plaintiff, Carroll L. Ernst ("Ernst"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that he owed originally to HSBC, but now allegedly owes to Midland Funding, LLC.

4.     Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois.  In fact, MCM was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Ernst.

## FACTUAL ALLEGATIONS

5.     Mr. Ernst is a disabled man who fell behind on paying his bills. Accordingly, Mr. Ernst sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), regarding his financial difficulties.

6.     On October 3, 2008, Defendant MCM sent Mr. Ernst an initial collection letter demanding payment of a debt he allegedly owed originally to HSBC, but now allegedly owes to its sister corporation, Midland Funding, LLC.  A copy of this letter is attached as Exhibit A.

7.     Accordingly, Mr. Ernst turned this collection matter over to his LASPD attorney.  In that Mr. Ernst's limited income and assets are protected from garnishment, his attorney at LASPD wrote Defendant MCM a letter, dated November 12, 2008, advising Defendant MCM that Mr. Ernst was represented by counsel, directing it to cease contacting Mr. Ernst and to cease all further collection activities.  A copy of this letter is attached as Exhibit B.

8.     Disregarding his representation by counsel, Defendant MCM directly sent Mr. Ernst collection letters, dated December 3, 2008 and March 20, 2009, demanding

payment of the HSBC/Midland Funding debt. Copies of these letters are attached as Exhibits C and D, respectively.

9. Accordingly, on March 26, 2009, Mr. Ernst's LASPD attorney had to send Defendant MCM yet another letter directing it to cease communicating directly with Mr. Ernst. A copy of this letter is attached as Exhibit E.

10. All of the collection actions at issue occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

14. Defendant knew that Mr. Ernst was represented by counsel in connection with this debt because his attorneys had informed Defendant, in writing, that he was represented by counsel, and had directed Defendant to cease directly communicating with Mr. Ernst. By continuing to send collection letter directly to Mr. Ernst (Exhibits C and D), despite being advised that Mr. Ernst was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

3

15. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Mr. Ernst's LASPD attorney (Exhibit B) told Defendant to cease communications, and that he refused to pay the debt. By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA

19. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Carroll L. Ernst, prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Ernst, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carroll L. Ernst, demands trial by jury.

                                    Carroll L. Ernst,

                                    By: /s/ David J. Philipps
                                    One of Plaintiff's Attorneys

Dated:  April 6, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com